Orders quashing the writs reversed, and the writs reinstated.

---

CHARLES W. BLOSSOM AND OTHERS, RESPONDENTS, *v.* LLE-WELLYN G. ESTES, APPELLANT.

## SAME *v.* SAME.

*Attachment—the appearance of the defendant does not revive an attachment, in-validated by a failure to serve the summons within thirty days—Code, § 227, as amended by section 7 of chapter 824 of 1866.*

An attachment which has become invalid by reason of the failure of the plaint-iff to serve the summons, either personally or by publication, within thirty days from the time it was issued, is not revived and rendered valid by the subsequent appearance of the defendant in the action.

APPEAL from two orders made at a Special Term, one denying a motion to set aside a warrant of attachment, and the other deny-ing a motion for leave to renew the first motion on additional affi-davits.

The attachment was issued and a levy made on October 30, 1869, under section 227 of the Old Code, as amended by section 7, chapter 824 of 1866. The order for the service of the summons by publi-cation was not made until December 27 of that year. Thereafter, and in the latter part of 1874, the defendant, as it was claimed by the plaintiff, appeared in the action.

*L. H. Arnold, Jr.,* for the appellant.

*E. H. Hobbs,* for the respondents.

BARRETT, J.:

It has been repeatedly held that an attachment is invalidated by the failure to serve or publish the summons within thirty days after the issuing of the warrant. The court may, of course, acquire jurisdiction and proceed with the action in personam, upon the service of the summons or the defendant's voluntary appearance at a later date. But the provisional remedy fails unless the service is effected or the publication commenced within the time prescribed by statute. Here it is conceded that the publication was not commenced until after the expiration of the thirty days. This was not a mere irregularity, but a jurisdictional omission, which worked the destruction of the warrant. The alleged appearance long afterwards did not revive the attachment. If authorized, it simply gave the court jurisdiction over the person of the defendant.

It is also urged that the motion, though nominally made by the defendant, is really in the interest of third persons claiming title to what was attached. It appears, however, that the attorney was employed by the defendant to make the motion, and the defendant himself furnishes an affidavit in support of it. The defendant has a right to so move, even if his object be mainly to assist his assignees, or though the latter may incidentally secure an advantage from his success. Indeed, under the present Code, in force when the motion was made, a status is expressly given to other interested parties.

We think the attachment should have been vacated, and that the order in the first appeal should be reversed, with $10 costs, and disbursements, and the motion granted.

It will be unnecessary, therefore, specially to consider the second appeal, although we must say that Mr. Hatch's affidavit would have justified a renewal of the motion, even if we had sustained the respondent's view of the effect of an appearance. This affidavit threw doubt upon the fact of an appearance, and, at all events, it showed that if he did appear, it was without authority.

The second appeal, under the circumstances, should be dismissed without costs.

Present, DAVIS, P. J., BRADY and BARRETT, JJ.

Order in the first appeal reversed, with $10 costs, and disbursements, and motion granted.

The second appeal dismissed, without costs.